## INTERSTATE COMMERCE COMMISSION *v.* CHICAGO & ALTON RAILROAD COMPANY.

### APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

No. 232. Argued October 15, 1909.—Decided January 10, 1910.

*Interstate Commerce Commission* v. *Illinois Central Railroad Company, ante,* p. 452, followed as to power, under the act to regulate commerce, of the Commission to make reasonable arrangements for the distribution of coal cars to shippers, including cars for transportation of fuel purchased by the railroad company for its own use.

Where the case is submitted on bill and answer, a fact, alleged in the complaint and denied in the answer and for which proof is demanded, cannot be considered, especially where, as in this case, there is a contrary finding of a body such as the Interstate Commerce Commission.

-THE facts are stated in the opinion.

*Mr. Wade H. Ellis,* Assistant to the Attorney General, and *Mr. Luther M. Walter,* Special Assistant to the Attorney General, with whom *Mr. L. A. Shaver* and *Mr. H. B. Arnold,* were on the brief, for appellant.

*Mr. W. S. Kenyon* and *Mr. Garrard B. Winston,* with whom *Mr. Robert Mather, Mr. F. S. Winston* and *Mr. J. M. Dickinson* were on the brief, for appellees.

By leave of the court, *Mr. Eldon J. Cassoday* and *Mr. Rush C. Butler* filed a brief for Receivers of the Illinois Collieries Company.

By leave of the court, *Mr. Francis I. Gowen* and *Messrs. Wayne MacVeagh, McKenney* and *Flannery* filed a brief on behalf of the Pennsylvania Railroad Company.

Mr. Justice White delivered the opinion of the court.

This case is controlled by the opinion just announced in the case of *Interstate Commerce Commission* v. *Illinois Central Railroad Company, ante,* p. 452. The complaints made to the commission were alike in both cases, and they were heard before that body at the same time, and one report was made in both cases. The order, in both cases, was the same. Like bills for injunction were filed in the court below, and there also they were heard together and were disposed of in one opinion. There is only this difference between the two cases. In this the bill for injunction contained the following averment concerning a small number, out of the thousands of coal cars forming part of the equipment of the road:

"That your orator has purchased and now operates on its line 360 steel hopper-bottom coal cars; that said cars are of an extreme height, to wit, ten feet; that, by reason of such height, said cars can be unloaded only upon specially constructed trestles; that no consignees to whom coal is shipped from mines on your orator's line own or have the use of such trestles, and that such cars are not available for commercial shipment of coal. And your orator avers that it at all times restricts these cars to the service of hauling your orator's own fuel supply, and that by reason of such restriction and by reason of the fact that your orator alone has the means of unloading said hopper-bottom cars, said cars never constitute a part of your orator's equipment available for commercial shipments of coal."

The answer of the commission denied all knowledge of the truth of the averments thus made, and called for proof on the subject. No proof was made, and the cause was submitted to the court below on bill and answer. In view of this fact, and in consideration moreover of the weight which the law gives to the finding of the commission, as to the existence of unlawful preference and the operative effect of the order which the commission made, until set aside, we think the mere

averment of the facts referred to in no way causes this case to differ from the Illinois Central case. Of course, under these circumstances we intimate no opinion as to how far had the facts alleged as to the hopper cars been established, they would to the extent of such cars have taken this case out of the rule announced in the Illinois Central case. It follows that the judgment must be reversed and the case remanded for further proceedings in conformity to this opinion.

Mr. Justice Brewer dissents.